Good morning, Your Honor. At this time, I'd like to reserve three minutes for rebuttal. May it please the Court. Today, in our continuation of the argument that we had yesterday, I plan on discussing three issues that relate to our appeal of the extension order issued by the District Court in this case. First, pursuant to the Court's question yesterday and the focus letter, I'll be discussing the jurisdictional issue. I'll then move on to discuss the termination clause of the settlement agreement and why the grounds that the District Court relied on in issuing the extension order weren't appropriate grounds under the party's agreement. And then I'll move on to explain to the cross-appeal issues, which involved the, why the District Court was incorrect that there is a due process liberty interest in avoiding placement in the RCGP housing unit, but that it was correct to conclude that there is no due process violation in CDCR's process for reviewing placement into that unit if there were a liberty interest. So, beginning with the jurisdictional issue, the magistrate judge issued the order that's on appeal in this case, and his authority to do so is pursuant to 28 U.S.C. Section 636 C.1, which allows magistrate judges to exercise case dispositive civil jurisdiction, and that statutory provision has two requirements. One, that there be a magistrate judge who is specially designated to exercise such jurisdiction, and the party's consent. In this case, the parties have conceded consent, and so the first question was whether or not there was... Hold on, you said the parties have conceded consent? Yes, Your Honor. There is a document filed, and it's in excerpts of record, page 157, where both parties mutually wanted to memorialize... But that wasn't a consent, was it? Wasn't that instead a joint agreement that an appeal could be taken in this case? It included both. It represented the facts that had led up to the party's conclusion that that was an appealable order issued by the magistrate judge, and expressed their mutual consent. Consent to have the appeal, but did it consent to have the magistrate exercise C. jurisdiction? Yes, Your Honor, we believe that it did, by its expressed terms. I apologize, I don't have a copy of it in front of me right now. But that was done after the magistrate judge had already issued the ruling, right? It was, but it was to memorialize our prior consent. The facts leading up to the magistrate judge issuing that order were what caused us to believe that there was a 636 C.1 referral in that case, and to form our consent prior to the magistrate judge issuing that order. But do you concede there wasn't a 636 C.1 referral, right? At this point, it appears that there was not a 636 C.1 referral pursuant to the district court's footnote in ruling on a motion to stay pending the appeal, and that's on excerpts of record, page 17. That came about four months after the parties had cross-appealed the order that the magistrate judge issued. But we believe the consent portion was satisfied in this case, and on the record, it was satisfied prior to the courts issuing the order, though it was not memorialized officially until afterwards. Prior to that, it would be pursuant to the implied consent that the Supreme Court has said is sufficient under Rowell v. Withrow, which we cite in our ruling. Let me ask, if we find that there was not jurisdiction because there wasn't appropriate consent and designation, what would be the impact of the magistrate judge's order? Either extending jurisdiction over the settlement or any kind of injunctive remedies under that? Has the district judge ever done a de novo review of either of those? No, Your Honor. The closest that it has come is ruling on the defendant's motion to stay pending the appeal, in which it treated the order as otherwise final, except for that one footnote. It at no point indicated that it was a recommendation only, that it would be taking objections, or that it would ratify it in some way. And in the footnote that said that it was not issued, that that order, the magistrate judge's order, wasn't issued pursuant to the consent statute, it didn't indicate what other authority the magistrate judge could have had. If you had consented, why would the case have ever gone back to the district judge? If you had actually consented, why would the district judge be involved at all? I'm not sure that I understand your question. The order, the motion to stay pending appeal, was filed before the magistrate judge in the first instance. The magistrate judge found that it had been divested of jurisdiction over the appeal, I mean, sorry, over the matter, because of the defendant's appeal of that order. The plaintiffs sought de novo review, which went to the district court judge, and the district court judge found that it did in fact have jurisdiction. I thought, and maybe this is what Judge Gwynne's asking, I thought that once you consented to magistrate handling your case, then the district court was out of the equation. You're effectively imbuing the magistrate judge with the full authority of the district court through consent. Maybe I have that wrong. I don't know. That's what I was asking. Your Honor, our understanding is that the motion itself could be referred, the final dispositive motion, or what would have been a dispositive motion, could be referred to the magistrate judge for final disposition. If the magistrate judge had concluded that the plaintiffs had not met their burden on the extension motion, then the litigation would have ended. And our position would have been that that would have been final order, that would have been appealable by the plaintiffs. And in this instance... Well, without going there, and correct me if I say this wrong, I thought there were two avenues that got to a magistrate judge. First avenue was if an issue was referred or designated by the district judge for a report and recommendation, with both parties having the right to appeal that, or the right to seek district court review, and both being able to raise objections to the report and recommendation, and then requiring the district judge to do a de novo review. The alternative to that, which is the C, I thought required kind of a formal consent to the magistrate judge's jurisdiction. But then I thought the magistrate judge then took complete jurisdiction of the case. I thought he took jurisdiction, or she took jurisdiction forever, and subject to a direct appeal to the court of appeals. I'm not aware of a case that draws that fine of a distinction. We believe that the magistrate judge could have a particular dispositive motion referred to it for final disposition under its jurisdiction under Section 636C as well. The statute doesn't necessarily say that all further proceedings would be before the magistrate judge, as far as I'm aware. Just that for the magistrate judge to exercise case dispositive jurisdiction, as it did in this case, that there was a requirement of consent and existing special designation. Can I shift your gears a little bit? You make the argument that the plaintiff is a stop from making arguments with regard to the gang affiliation findings in parole hearings. Was there objection at the district court, or was there objection before the original settlement to what impact or the lack of treatment of gang affiliations on parole hearings? There was not necessarily, to the extent that I understand the court's question, the parties reached their settlement. There is no claim in the complaint that the gang validations impacted parole and that violated due process. The parties then reached the settlement of the claims that were actually in the complaint, and during the comment period for approval of the class action settlement, some inmates submitted suggestions as to additional provisions that might be included in the settlement agreement. One of them involved revising parole policies, and another one involved exonerating all past gang validations. The parties mutually took the position that they were not interested in resolving those issues through this settlement agreement. They described the settlement agreement as forward-looking, and although it did not exonerate past gang validations, that did not withdraw away from the overall fairness and satisfactory nature of the settlement. Taking the contrary position that simply informing the Board of Parole hearings that a prisoner had been gang validated violates due process, and using that as a basis to try to extend the settlement agreement at this point is clearly inconsistent with the prior representation that neither of those issues were supposed to be resolved through this settlement. We believe that that change in position, when they had already persuaded the district court to take action based on those representations by adopting the settlement agreement, judicially stops them from asserting them later in the extension motion. We raised that issue, and then we made the argument that they couldn't change position like that on page 173 of the excerpts of record, explicitly saying, quote, plaintiffs cannot walk back on representations they made to the court to secure the settlement's approval to now pursue further litigation based on a purported due process violation. But relating to, just quickly going back to the jurisdictional issue, we also believe that special designation has been satisfied in this case, in addition to consent, through the local rule 72-1. And there seems to be some confusion as to whether special designation is something separate and apart from a referral, and the statutory language makes clear that it is. The special designation is part of the jurisdictional prerequisites of 636-C-1, and the notion of a referral does not even begin to exist until 636-C-2, which discusses the process and procedures for putting an issue before a magistrate judge to exercise that jurisdiction. And the US Supreme Court, in the ARPA decision and the Henderson decision that we cite in our briefs, made clear that courts shouldn't be quick to call procedural rules jurisdictional rules unless there is clear congressional indication that Congress intended them to be jurisdictional requirements. And given the structure of Section 636-C, it does appear clear that, as this court has held, that 636-C-1's consent requirement is clearly jurisdictional. Its requirement of a special designation might be, but that it's the process for referring a case to a magistrate judge for decision wasn't contemplated. So, local rule 72-1, that's a local district court rule? Yes, that is a local district court rule for the Northern District of California. Or Eastern District. Is it Eastern District or Northern? Maybe it's in both, but isn't this case come from the Eastern District? No, Your Honor, this is a case from the Northern District of California, and the local rule is from the Northern District. Okay. So this is the Northern District of California rule. Has that ever been... I mean, that's interesting. Has it ever been challenged that they don't have authority to do a special designation like that, separate and apart from 636? No, Your Honor, and it expressly incorporates the language of 636. I mean, sorry, it expressly references Section 636 in it. The language that we cited was, quote, each magistrate judge appointed by the court is authorized to exercise all powers and perform all duties conferred upon magistrate judges by 28 U.S.C. Section 636. There are additional sources... Well, no, but that's my point, is that if... I mean, I hadn't thought about this until you just raised it, but if Congress has adopted a statute which governs how magistrate judges can operate and how they can get their jurisdiction, can a local rule effectively override that or set up a different scheme to allow magistrate judges... I can understand why they may want to, but, I mean, do they have the authority to do it? Your position would be Arbaugh and Henderson say, yes, they can. Well, that's... Yes, they can. It's not discussed in Arbaugh or Henderson. I would say that the nature of what special designation was intended to be is to make sure that they can, and this court has indicated that the district courts can in the Columbia Record Productions v. Hot Wax Record case, which is also cited in our briefing. In that case, they also addressed the special designation issue, and I noted that there wasn't an individual judge who had specially designated the magistrate, but then looked to local rules. In that case, they found a local rule that stated that full-time magistrates are authorized to hear and determine the following pursuant to 28 U.S.C. Section 636b1a, but that wasn't 636c, so they determined that that wasn't sufficient to be a special designation as a 636c. The local rule in the Northern District of California is not as limited as it was in the Columbia Records case. It specifies that they are authorized to exercise all powers and perform all duties conferred by Section 636 in its entirety, but also the statute, Section 636, particularly c.2, makes it clear that the special designation portion is intended to happen before a case is filed. Section 636c.2 begins with the statement, if a magistrate judge is designated to exercise civil jurisdiction under paragraph 1, which is 636c.1, the clerk of court shall, at the time the action is filed, notify the parties of the availability of a magistrate judge to exercise such jurisdiction. So it contemplates that the special designation will be prior to any case being filed, and that's consistent with the method by which a judge is specially designated, which also is more broad than an individual case. Well, but I guess that's, I mean, to me, I hadn't looked at the special designation point, but it has to be done before the, you said it has to be done before the case is filed, the special designation? It is implied that it will be done before the case is filed. But that wasn't done here. It wasn't done before the case. Your Honor, we believe that it was through the local rule, the special designation. There is a distinction between a special designation, which is what is a jurisdictional prerequisite in 636c.1, and a referral of a particular motion, issue, or matter to the magistrate judge, which is described in 636c.2, and Congress expressly left primarily to the districts to create, to implement through local rules. Let me just ask, on the special designation, aren't those generally overall rules that certain types of cases will be referred initially to magistrate judges? And they more typically are Social Security cases and pro se habeas cases. And isn't that how special designation allows some cases to be referred directly to the magistrate judge before they've gone through the district judge? There are some local rules of that nature. That is not what it appears 672-1 is. And I'm speaking, perhaps that's cool, but even in our court where we refer Social Security and habeas cases, the chief judge signs those, every individual designation. She enters a special order for each of the cases designated in the Social Security case over to a magistrate judge for initial decision. We believe that's a distinction between the special designation and a referral. An order of referral is common procedure, and we would acknowledge that it's generally a mandatory procedure, but that it's not a jurisdictional rule. And the plaintiff's conduct in this case has either waived or forfeited their ability to object to the absence of a referral or the ambiguity of the referral. Because for one reason or another, the motion was taken off of the docket of a district court judge where it was initially filed and placed on the docket of the magistrate judge who ultimately issued an order, not a recommendation of any sort, an order. And in ruling on the motion to stay pending appeal, the district court said, you must comply with that order. Didn't expressly adopt it and didn't treat it as a recommendation, treated it as a order leading to some ambiguity, even in the order that had that footnote in it, indicating that it was not issued pursuant to the consent statute. I see that I am out of time. Yeah, I do want to reserve. Okay, thank you, counsel. Mr. Lobel. Thank you, your honors. I want to start with the jurisdictional point. This court and the statute clearly indicates that two requirements have been met. One is either special designation or otherwise known as a referral, and the second is consent. Here, as defendants just admitted, there has never been any special designation or referral from the district court. In fact, the district court, in denying the motion to stay, said that under 630.63, on which this court would get its jurisdiction, on entry of a judgment in any case referred under paragraph 1 of this subsection, namely referred under 630.61, an agreed party may appeal directly to the appropriate U.S. Court of Appeals. There was no referral here, and defendants don't argue that there was a referral. They argue instead that the general rule, especially designating magistrates to perform all the duties, is to take the place of a referral. I don't see any evidence for that. In fact, they misquote the local rule. They only quote the first part of the local rule. The local rule says, each magistrate judge appointed by the court is authorized to exercise all powers under 28 U.S.C. 636 by the local rules of this court and by any written order of a district court designating a magistrate judge to perform specific statutorily authorized duties in a particular action. The local rules of this court say that a magistrate judge in a northern district can be randomly assigned a case. They're on the wheel. Therefore, they can be randomly assigned a civil case. If their name comes up on a random assignment, then the parties have to consent. But this case was not randomly assigned to a magistrate judge. It was assigned to a district court judge. And therefore, as this court pointed out in Parsons, the district court judge has to specifically refer or designate the magistrate judge under 636C1 to issue a final order. And the district court judge here made clear, after the appeal, that she never did that. And so this court simply doesn't have jurisdiction because the district court never referred the case to the magistrate judge for a final order. So can I ask, if you're right about that, what happens here? What would be the next steps, if you're right, that there was no jurisdiction? It just goes back to the district court, and then everybody gets a do-over on this? No, there's a magistrate judge ruling. The magistrate judge ruling can be appealed like every other ruling in this case to the district court judge. District court judge already has held that the defendants have no likelihood or very little likelihood of success on the merits and are not suffering irreparable harm. So the district court is likely to affirm that. But that's what would happen. It would go back. The magistrate judge's ruling was a recommendation, in essence. It was an order because this is all taking place under a settlement agreement. It's not taking place under de novo case. The settlement agreement set up a process. Namely, every motion that we make or the defendants make goes to a magistrate judge. The magistrate judge has then issued dozens of orders. Those orders can be subject to de novo to the district court judge. There's only one exception, and that's a motion for an extension. That motion goes directly to the district court judge. And that's what we did here. We moved to the district court judge. District court judge then somehow, it got onto the calendar of the magistrate judge. We don't know exactly how that happened. The magistrate judge issued a ruling. The defendants then appealed that ruling instead of going to the district court judge. We then called the defendants and said, what's going on? And they said, we think that the Court of Appeals has jurisdiction. And we said, we looked at it. We said, maybe there's implied consent. Maybe Judge Wilkin meant to specially designate it, even though there was nothing on the record for that. We consented, but that was all after the appeal was filed. There was nothing prior to the appeal being filed about any indication of consent. Well, but the government had argued that there was something. There was a consent document filed. Maybe you can address that. Maybe your view is it's not consent, but at least there's a document. No, the consent document was filed after the appeal was filed. Not before the appeal. The defendants first filed the appeal. No consent anywhere on the record. We then called them up and said, what is happening here? And they said, our view is that this was designated. And we said, all righty, let's think about it. We both agreed that we consent, but the consent was only after the appeal was filed. So why did you sign that consent? You agree that it was a consent. You're just saying that it's inoperative because it was after the appeal now. No, no, we're not challenging the lack of consent. We're only challenging the fact that there was no referral of special designation. We signed the consent, and we went by that. But there was never any referral. And this court says, and the statute says, you need two requirements. One is designation, and the other one is referral. Well, so can you help me with the Wilhelm decision? Because in the Wilhelm decision, this is Wilhelm versus Rotman, a 2012 decision from the Ninth Circuit. He said, a court may infer consent where a litigant or counsel was made aware of the need for consent and the right to refuse it and still voluntarily appeared to try the case before the magistrate. I assume what your answer to that is, yeah, that's great as far as consent goes, but in Wilhelm, you know, 636 was actually complied with. I don't know if that's your answer, but... That's exactly my answer, Your Honor. I don't need to say anything else. The issue of implied consent is not an issue here. We explicitly consent. So then Wilhelm further says, a defect in the referral to a full-time magistrate judge under section 636C2, which is the same thing we have here, I think, does not eliminate that magistrate judge's civil jurisdiction under 636C1, so long as the parties have, in fact, voluntarily consented. That's right. There's some defect in the form. You know, the court doesn't file the papers the right way or it's not written correctly. Our argument is that there wasn't a defect. It just never happened. There never was any referral. Judge Wilken, you don't have to take my word for this. Judge Wilken said this. Judge Wilken said there was never any referral, and she's the person in charge of this case, and she's the one who presumably would have referred it. What happens to the order continuing the settlement? If that judge didn't have jurisdiction, that's a non-entity then, right? No, no, the judge did have jurisdiction, just not under 636C. The judge had jurisdiction to issue an order. Effectively, your argument is the magistrate judge had jurisdiction to issue a report and recommendation. Is that your argument? Correct, except that in this case, for the last four years, every order that the magistrate judge has issued has been termed an order, and the parties have complied with it. Were those appealed to the district court, or none of those were appealed? Some of them were appealed, yeah. A percentage were appealed, and the district court sometimes affirmed the magistrate judge and sometimes reversed the magistrate judge, but they were all termed orders. There was nothing in this case that was ever termed a report and recommendation, and they were complied with. Do you want to respond? You took a fairly explicit position that the gang affiliation findings in parole hearings were not something that was part of the settlement. Why aren't you stopped from taking what seems to be a very contrary position afterwards? Defense counsel is misrepresenting what we did. What happened here was that under the old system, in Hsu, while these thousands of guys were in Hsu, they were barred from parole. They were put in Hsu under gang validations, which the magistrate judge found and which the defendants themselves conceived did not comport with due process. So what the settlement did is it said those gang validations would no longer be used with people in the Hsu. You have to be put in the Hsu after a finding of misconduct, after a hearing, and it has to go through a full due process hearing, and they're no longer going to be used to put people in the Hsu, and these people will get out of the Hsu, thereby removing the de facto bar on parole, removing the bar on parole that existed. Before, the custody in Hsu was a complete bar to parole, right? Correct. Afterwards, earlier custody in the Hsu was just one among many factors that might affect parole. When they were in the Hsu, there was an unwritten policy, a de facto policy, which said it's a complete bar on parole. None of these guys in the Hsu, no matter how long they were, no matter what their factors, could get parole. We figured once they got out of the Hsu, the settlement was designed to get them out of the Hsu, and therefore lift this bar on parole. You knew that was going to be in their records, and you had objections about that, didn't you? Objections from class members. We didn't think that the validations would be sent to the parole board, which would then be presumptively used to bar these people from parole again, and that basically now our claim is that they're de facto barred from parole. The real litigation, though, was to get them out of the Hsu. The focus of the litigation was that there had been inadequate procedural due process to put them in the Hsu, and so you were going to require that they be put in the general population. Did the complaint ever specifically deal with... It said that placement in the Hsu defeated parole, but did it ever make some claim that it was unconstitutional for the parole board to use the earlier Hsu placement to make decisions on parole? We claim that they were being deprived of liberty without due process in part because they were being denied parole. So, yes, the denial of parole was a part of our due process liberty claim, and it's still part of our due process liberty claim in the sense that they're still being denied their liberty by being denied parole based on unreliable, unconstitutional gang validations. We don't care. We don't care if the CDCR continues to keep the gang validations. We didn't ask for the nullification or the expulsion of the gang validations. We just say that the gang validations shouldn't be used to deny people liberty, and denying them parole is denying them liberty. If the CDCR wants to use the gang validations, which, as I said, are unreliable and were taken in violation of due process, if they want to use that to place people in minimum security versus maximum security or place people in one yard versus another yard, they can do that under the settlement. But relative to parole, what's the constitutional standard in terms of what process has to be given? Yeah, they have to be given a meaningful opportunity to argue that they should be able to be given parole. It's fairly minimal, right? Very minimal. Okay, so in terms of... So it sounds like you're not really challenging the presence of the earlier shooting placement in parole hearings. No, that's not the issue. The issue is the continuing use of the gang validations, which are unreliable to... It's as if... Here would be the analogy, I think, Your Honor, which maybe is understandable. If CDCR said... If the provost said, you're going to be denied parole if you've committed major misconduct while in prison, we'd all say that's reasonable. And then if CDCR kept misconduct records, which were totally unreliable, and in which somebody was held to be... have committed a murder in prison when they didn't, and they submitted these records, hundreds of them, to the parole board, which were totally unreliable, said somebody committed assault who never did, somebody committed murder who never did, and the person got to the parole board, and the parole board said, we can't hear you because CDCR submitted these records. These records are presumptively valid. And therefore, all you're doing is denying that you did this, which is going to deny you parole. That's what happened here. California, as I best understand their argument, argues that you can't continue the settlement unless there is a constitutional violation alleged in your original complaints that you can show is still going on or some constitutional violation, Eighth Amendment constitutional violation that has arisen because of the procedures they put in effect to carry out the settlement. Correct, and we say there are three. One is they're putting hundreds of people back in the shoe based on confidential information, which is... Where was that alleged in that complaint? What? Where was that alleged in the complaints? That was scattered through... We allege in paragraph 200 of the complaint that people were being put in the shoe based on unreliable information about gangs. Yeah, but I understood that, but wasn't the focus of that saying that the initial placement in shoe was unreliable? That's right. And now the continuing placement in shoe is unreliable because there, for example, they had a confidential information where an informant was asked to identify who the attempted murderer was, and he said these two guys, they did it twice, never identified the guy. Was the original complaint, though, aimed at this gang affiliation placement in shoes? Correct, but even assuming... I'm sorry, Yarl. It seems a bit beyond what the original complaint was when you now seem to be arguing that there's a procedural due process claim that... The earlier complaint seemed to say that placement in shoe without process violated constitutional rights, and now you seem to be saying the procedures used in parole or shoe placement violate constitutional rights. We still say that procedures used in shoe placement violate the rights, but that's because... Not only because of the original complaint, but more importantly, because of the problems with the original placement, we put in the settlement, paragraph 34, which says that CPR will train its staff to deal with confidential information adequately and properly dispose it. Yeah, but that was the... They would comply with the already existing California regulations, right? No, but it says, one, they will comply with the existing regulations, but two, that in order to ensure the accuracy of this information, of the confidential information, they will specifically train their staff on adequate disclosure. And we've shown that in 70 cases, they haven't done this. Systemically, they haven't done it. And what they've done is fabricate the information that they give to the prisoners. I may misunderstand the Californians' argument, but in some... I understand them to argue that if you have a constitutional right claim, you can't piggyback that on this earlier case. Well, no, but we're piggybacking it, not piggybacking it, we're directing it directly on the settlement agreement. Paragraph 34 of the settlement agreement said they have to ensure accurate disclosure, and they didn't do that. And the violation that we approved arises directly out of that paragraph 34. So their argument isn't that it doesn't arise out of 34. Their argument is that that paragraph was not a reform to the SHU policies. But the only way to do that is to not look at the agreement as a whole. Pick out each paragraph and say, this one's a SHU policy, this one isn't. That's contrary to California law and contrary to the whole spirit of this. On the parole... On the parole issue, again, the liberty interest that we alleged was being violated was directly tied to the denial of parole. We didn't request any change in the parole because we didn't need any change. On the estoppel, though, weren't you quite specific that the settlement didn't deal with parole? The settlement did not change the parole policies. And our understanding of the parole... Or parole procedures. Policies or procedures. The policies were that if you were in the SHU, you wouldn't get parole. Once you got the general population, you should be eligible for parole. But they're not because they're using the same validation that they used to put them in the SHU, in our view, unconstitutionally, they're now denying parole. So all they've done is they've switched what they're denying parole on. They used to deny parole based on SHU placement. Now they're denying parole based on gang validation, which used to be used for SHU placement. But it's all the same thing. It's just that... So we didn't... We didn't request a change in the policies because putting these people in general population could have changed their situation. Thank you, counsel. I appreciate your argument. Could I... Excuse me, I hate to run us over, but we've been on the issue we were on yesterday. I want to come back to today's issue. Why should we not say no harm, no foul on the magistrate? I understand your argument that, as initially developed, the magistrate judge was only to have specific assignments going, but they've changed it substantially. We have some districts which put them on the wheel, and they don't ask for consents or anything, and they just wait for an objection. So I understand this is an area that has some difficulty, but I'm worried about it. If we publish an opinion, it's going to affect all of the districts in the circuit, not just this one. How... What should have been done by the district judge or the magistrate to give the magistrate power to look into this problem? What, in your judgment, would have been sufficient? Well, two things. Two things could have been done. One is the district court judge could have referred the case to the magistrate under 636-1, and then had we consented at the beginning, there would have been jurisdiction, or even if we consented at the end. All the court should have done is filed something that says, I refer this to the magistrate pursuant to 636-C. Yeah, but the judge didn't do that. The judge says the opposite. The judge says the opposite, and therefore, unless you're going to take the power away from the district court judge to assign our cases, we're stuck with that. We think we have a very good argument on the merits of this case. We were willing to... Okay, I understand. Well, maybe in rebuttal, your loyal opposition can help me  Just one other thing, Your Honor. I think what might have been a proper procedure is for the defendants or for the plaintiffs and the defendants who've gone to the district court judge before appealing and asked for clarification. Was this a 636-C referral or not? But that was never done either. Well, and it seems like there was no reason to because I don't think anybody actually thought it was. I mean, it wasn't a 636-C referral. Was it? Well, at the time, we were unclear as to whether or not... Okay. But Judge Wilkin has subsequently made it clear that it wasn't a 636-C referral. At the time, there was really no referral. It was just a notation on the calendar giving it to the district court judge. I mean, giving it to the magistrate judge. Okay, thank you, counsel. Mr. Fisher, you've got rebuttal? Yes, Your Honor. I wanted to make at least two points. The first being that our position is not that we did not concede that there was no special designation and no referral. There was special designation by local rule, and there was clearly some form of referral in taking the motion off of the district court's docket where it was initially filed and giving it to the magistrate judge for resolution. And the document that I referenced on page 157 of the excerpts of record expresses that both parties mutually believed that what that likely was is a 636-C referral. Is that the one that was signed after the appeal was already taken? It was, but it was meant to express, and I believe the language does express, that the parties formed their consent prior to the filing of that document. It was just to memorialize that that consent existed. As far as how the court might draft an opinion that would not have significant impact on other cases, I don't believe that a finding in defendant's favor on the jurisdictional issue would have a significant impact on future cases given the unique facts of the case, which would require there be an ambiguous referral of an order or motion or matter to a magistrate judge, the magistrate judge apparently mistakenly issuing an order that appears to be final, both parties consenting to it and being willing to express their consent on the record, and the district having a local rule that does this special designation globally. And then for the district court not to indicate, not to clarify the original referral for several months after both parties had mutually appealed the underlying order. And so I don't believe it would have a significant impact as those facts are unlikely to recur with any frequency. If I just might, there was one additional point that was brought up that the, regarding whether these allegations are, whether these particular claims that the magistrate judge relied on in issuing this order were alleged in the complaint and they plainly aren't. We cite to every paragraph in which, for example, the parole related issue is raised in the complaint. And yes, plaintiffs do allege that there was at one time an unwritten policy of denying parole to inmates who were housed in the SHU, but they don't allege that that violates due process. That is expressly included in the complaint to establish the due process liberty interest for the claim that they actually asserted, which related to the continuous confinement in the SHU. They don't allege that that violates due process. And the same is true of the misuse issue, but I see the knife out of time. Thank you, counsel. Unless there were any final questions, we'll go ahead and submit this case. And that concludes the scheduled oral argument calendar for today and the court stands in recess. Thank you. Thank you, Your Honor. Thank you.
judges: Wallace, R. Nelson, Gwin